**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

**v.** **CASE NO.: 8:25-cr-00544-WFJ-NHA**

**WALTER MALAKAI**
_____________________________/

**RESPONSE TO GOVERNMENT'S MOTION IN LIMINE**

**COMES NOW** Defendant, WALTER MALAKAI, by and through undersigned counsel, and responds to the Government's Motion in Limine. Doc. 28. For the reasons discussed herein, the Motion should be GRANTED in part[1] and DENIED in part.

The Government has asked this Court to "exclude the introduction of evidence, opening statement, or closing argument relating to any defense based upon an alleged mistake of law, fact, or alleged lack of specific intent, jury nullification, or the rule of completeness, pursuant to Fed. R. of Evid. 401, 403, and 106." Doc. 28. In so doing, the Government asserts that Mr. Malakai, who is charged with "Voting by an Alien" in violation of 18 U.S.C. 611, "after registering to vote online

[1] The defense has no intention of introducing evidence of punishment or collateral consequences of conviction, or to argue jury nullification in violation of the rules of practice and therefore – while such an Order is unnecessary – has no Objection to an Order granting the Motion on these topics being entered.

in February 2024, the defendant voted early for the November 2024 presidential election." The Government is aware of evidence[2] showing that Mr. Malakai's husband, not Malakai himself, is the person who filled out and submitted the online voter registration form. In so doing, the husband, without asking Mr. Malakai or alerting him to the question, responded "yes" to the question "are you a United States citizen." He then attempted to utilize Malakai's information to register to vote four times, one of which went through. Shortly thereafter, Malakai received a Voter's Registration Card in the mail, and later that year, he voted. When Mr. Malakai voted on November 2, 2024, no one asked him if he was a citizen; the question was also not contained on the ballot.

One of the first items of evidence that the Government disclosed to the defense was Mr. Malakai's interview. Due to the investigators' failure to separate witnesses, this interview mostly consists of statements by Mr. Malakai's husband. Towards the end of the half-hour recording, Mr. Malakai makes admissions relevant to the charges at bar. Rather than approach the defense regarding redactions of the audio,

---

[2] Both Malakai and the husband have stated this to be the case. The digital evidence that might answer the question was not requested promptly enough and did not exist.

perhaps with a transcript in hand, the Government now moves[3] to exclude the recording and admit only Mr. Malakai's admissions, via testimony of its witness. The defense objects to this approach, as it would distort the context of Malakai's statements, which were made in the context of his husband's assertions and in response to the questions of law enforcement. The statement should come in in its entirety or not at all pursuant to the rule of completeness. (Rule 106. Remainder of or Related Statements. If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part--or any other statement--that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection.)

The Government seeks to exclude this and further information regarding voter registration as irrelevant. This would violate Mr. Malakai's right to present a full and fair defense. Nearly all of the evidence in this case is based on Mr. Malakai's voter registration, as demonstrated by the Government's proposed exhibits. It is all inextricably intertwined. It would be unfair to imply that Mr. Malakai registered

---

[3] The defense submits the Motion should be denied as untimely. The lateness of the Government's filing has impeded the defense ability to prepare for trial, and only half of the usual ten days to Respond would be allowed before trial.

himself when it is clear that his husband did so using his driver's license number. This is relevant because the software when registering imports the applicant's signature to the application. The cases the Government cites to in its argument are distinguishable. For instance, in the case U.S. v. Anderson, 872 F.2d 1508 (11th Cir. 1989) – some of the evidence regarding the defendant's story – that he believed he was working for the CIA – was in fact admitted. And in U.S. v. Morales-Palacios, 369 F.3d 442, 448 (5th Cir. 2004), the Court relied, in part, in its ruling, on the fact that the defendant (who was convicted of attempted illegal re-entry) would have undoubtedly been warned while being deported that he could not return, and therefore did not have to have specific intent regarding the consent of the Attorney General (or lack thereof) and therefore it was not an abuse of discretion to grant the Government's Motion in Limine. There is not an analogous set of circumstances in this case, rendering Morales-Palacios unpersuasive.

## CONCLUSION

The nature of the evidence in this case is such that Mr. Malakai's state of mind as well as the background information pertaining to his voter registration are an inherent part of the story, and relevant to his act of voting. It would impair his right

to present a full and fair defense to hold otherwise, and the Government's Motion in Limine should therefore be DENIED.

Respectfully Submitted this 25th day of August 2026.

CHARLES L. PRITCHARD, JR.
FEDERAL PUBLIC DEFENDER

/s/ Laura G. Hastay
Laura G. Hastay, Esq.
Assistant Federal Public Defender
Georgia Bar No. 637941
400 North Tampa St. Suite 2700
Tampa, FL 33602
Telephone: (813) 228-2715
Facsimile: (813) 228-2562
Email: laura_hastay@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of August 2026, a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

Ilyssa Spergel, AUSA

/s/ Laura G. Hastay
Laura G. Hastay, Esq.
Assistant Federal Public Defender